UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RHONDA WILKINSON,<br><br>        Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>        Defendant. | 2:10-CV-1561 JCM (RJJ) |

**ORDER**

Presently before the court is defendant Clark County School District's ("CCSD") motion to dismiss. (Doc. #6). The plaintiff, in pro per, responded (doc. #8), and the defendant has replied (doc. #9). The defendant has also filed a motion for hearing on the motion to dismiss (doc. #13), to which the plaintiff has responded (doc. #15).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

In considering the motion, the court may also consider publicly recorded documents so long

**James C. Mahan**
**U.S. District Judge**

as their authenticity has not been questioned. *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that consideration of judicially-noticed, extrinsic documents does not convert a motion to dismiss in to a motion for summary judgment).

## I.   DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1991 (CLAIM 1)

The complaint alleges discrimination and retaliation arising from six events: (1) the defendant having changed plaintiff's job position, which is "farther from plaintiff's home" (doc. #1, compl. ¶ 8–11); (2) comments made at an October 16, 2007, grievance hearing, at which time the defendant allegedly offered to ignore a complaint made against the plaintiff if she dropped pending charges against the defendant (*id.* at ¶ 14–18); (3) plaintiff's receipt of a "performance evaluation" through the mail, rather than in person (*id.* at ¶ 19–21); (4) the defendant's failure to move a loud copy-machine away from the her work area (*id.* at ¶ 22); (5) a female co-employee's having said "good night" in a disrespectful manner (*id.* at ¶ 22); and (6) one "Julie Kasper" having allegedly locked plaintiff outside of the work building for approximately thirty minutes (*id.* at ¶ 22).

### A.   Statute of Limitations

Under Title VII, a plaintiff must exhaust administrative remedies before filing a lawsuit. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). Once such administrative remedies are exhausted and the plaintiff is accorded an EEOC right-to-sue letter, Title VII contains a ninety-day statute of limitations for filing suit. 42 U.S.C. § 2000e-5(f)(1); *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990).

Here, plaintiff received a right-to-sue letter from the EEOC on June 18, 2010. However, the only allegation asserted in this case that was mentioned in the right-to-sue letter (*see* doc. #6-1, p. 12–13) is the comment made at the October 16, 2007, grievance hearing. None of the other six events is mentioned. Although the plaintiff did in fact have a right-to-sue letter dated July 14, 2008, (*see id.* p. 9–10) which mentioned the receipt by mail of the performance evaluation, that letter is no longer actionable under the above-mentioned statute of limitations. Accordingly, the court is

1  jurisdictionally limited to considering only the 2007 grievance hearing in evaluating the motion to
2  dismiss, because plaintiff has failed to first exhaust the available administrative remedies.

3       B.      Substance of the Retaliation Claim

4  To state a viable retaliation claim, the plaintiff must allege "(1) involvement in a protected
5  activity, (2) an adverse employment action[,] and (3) a causal link between the two." *Brooks v. City*
6  *of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). The employment action must be materially adverse,
7  meaning it would dissuade a reasonable person from making a complaint of discrimination.
8  *Burlington N. and Santa Fe Ry. v. White*, 126 S.Ct. 2405, 2409 (2006).

9  The court agrees with defendant CCSD's contention that the allegations contained in the
10 EEOC right-to-sue letter arise out of settlement discussions, which cannot afford a basis for a
11 retaliation claim. In *Kratzer v. Collins*, for example, the court held that negotiations between the
12 parties for a plaintiff to dismiss a civil rights suit constituted an "effort to compromise a claim"
13 under Federal Rule of Evidence 408 and could not be used as evidence of retaliation. 295 F. Supp.
14 2d 1005, 1017 (N. D. Iowa 2003).

15 The court finds this authority persuasive and applicable to the instant suit. Here, the
16 defendant was entitled to make settlement offers, and the discussions surrounding those negotiations
17 may not be used as the basis for the plaintiff's retaliation claim. Accordingly, defendant's motion
18 to dismiss is granted as to the first claim for relief.

19 **II.**    **VIOLATION OF 42 U.S.C. § 1981 (CLAIM 2)**

20 "[Section] 1981 creates a cause of action only for those discriminated against on account of
21 their race or ethnicity." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir.
22 2008). Although, at this stage, the plaintiff need not support her allegations with evidence, the
23 complaint must allege sufficient facts to state the elements of a viable Section 1981 claim. *Id.*
24 Because the plaintiff has not even mentioned race in the complaint, the defendant's motion to
25 dismiss is also granted as to the second claim for relief.

26 **III.**    **EQUITABLE RELIEF (CLAIM 3)**

27 Under the third heading in the complaint, the plaintiff requests "equitable relief." Whereas

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

the injunctive and declaratory relief requested are remedies, and the defendant's motion to dismiss is granted in its entirety, the plaintiff is not entitled to such relief at this time.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Clark County School District's motion to dismiss (doc. #6) is hereby GRANTED and the case is dismissed without prejudice.

IT IS FURTHER ORDERED that defendant's motion for a hearing (doc. #13) on the motion to dismiss is DENIED as moot.

DATED December 13, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -